**Roger Dale GRAHAM, a/k/a Roger Graham, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–655.**

Court of Criminal Appeals of Oklahoma.

April 21, 1976.

Bob Lake Grove, Miskovsky, Sullivan & Miskovsky, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Appellant, Roger Dale Graham, also known as Roger Graham, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pottawatomie County, Case No. CRF–75–20, for the offense of Robbery with Firearms, in violation of 21 O.S.1973 Supp., § 801. His punishment was fixed at a term of life imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts are that on January 14, 1975, Donna Cash was operating the Midget Market, a convenience store located on North Harrison Street in Shawnee, Oklahoma. At approximately 11:00 p.m. she was closing the store and had with her two clips of money containing twenty-five one dollar bills in each clip, and four checks, all of which were contained in a size eight paper sack. As she was leaving the store, a man with a small pistol in his hand, jumped from behind a coke machine and told Ms. Cash to give him the money. She identified the defendant, in court, as being this man. She gave him the money and the defendant fled toward a mobile home park. Ms. Cash thereafter telephoned the police and after a high speed chase the defendant was arrested. A search of defendant's person revealed a loaded .22 caliber pistol, and a paper sack in his boot containing two clips of money and four checks as described by Ms. Cash.

The defendant (a twenty-two year old male), took the stand in his own defense. He first stated that he was married and that he and his wife and child were living with his father·in Konawa, Oklahoma; that he had been unemployed for several months preceding the robbery in question, but had not sought public welfare. In his direct testimony he testified that because of his unemployment and financial obligations, he had been depressed and had not slept for three days preceding the robbery and had taken "speed" on the date in question. He testified that he and his wife drove to Shawnee to visit a friend and that he had been target practicing that day and had his father's pistol in the car with him. Upon arriving at his friend's home, no one was there and he had vague recollections of what occurred thereafter, but when asked whether he committed the robbery he acknowledged that he must have done so from what he had heard during the trial. On cross-examination, he recalled the events of the robbery, but stated that he never intended to hurt anyone and had thought about giving the money back. The weapon which he used during the robbery and in his possession when he was apprehended, held two cartridges.

While the defendant had sustained a prior conviction when sixteen years old,

there was no testimony relative to the prior conviction, nor was it referred to during the trial nor during the closing arguments of counsel.

In his very excellent brief presented to this Court, counsel for defendant cites numerous armed robbery cases modified by this Court, some of which were modified for the reason that errors were committed during the course of the trial which required modification, but the majority of these cases were modified for the reason that the punishment was excessive.

In the instant case the evidence of the defendant's guilt is overwhelming and the offense for which he stands convicted is an extremely serious one. After reviewing all the decisions cited by the respective parties, we are of the opinion that the interest of justice would best be served by modifying the judgment and sentence from a term of life imprisonment to an indeterminate term of not less than ten (10) years' imprisonment to life imprisonment, and as so modified, the judgment and sentence is affirmed. *MODIFIED AND AFFIRMED.*

BLISS, J., concurs.

BRETT, P. J., specially concurs.

BRETT, Presiding Judge (special concurrence).

I concur that this conviction should be affirmed; but notwithstanding the modification made by the Court, I believe the sentence should have been modified to not more than fifteen (15) years imprisonment. The question presented to the trial judge by the jury indicates that the jury was considering parole questions when the sentence was imposed. These matters are not within the jury's province. The jury sent a written question to the judge, as follows: "If sentenced to a life term what would be the minimum amount of years he would have to serve, providing he was on good behavior? Also 5 years, 10 years, etc.? Is it permissible for the jury to know if

the man has had a previous record?" After the trial judge refused to answer the question, the jury returned the life sentence. Therefore I believe this sentence should have been further modified.